UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC; | § | |
| | § | |
| Plaintiff, | § | CIVIL CAUSE NO.4:24-CV-00035-ALM |
| VS. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS USA, | § | |
| LLC; MAYOMI OLOOTU; JAMES UDUAK | § | |
| UBOM; ARCHER TACTICAL GROUP; | § | |
| ARCHER ENERGY CORPORATION; | § | |
| DAVID TOLLAKSEN; JIM TRICE; | § | |
| UBOM LAW GROUP; SHELL PLC | § | |
| BCS NEDERLAND; MATT JAMESON; | § | |
| MIKE BONNELL; and BOYD CHISHOLM | § | |
| | § | |
| Defendants' | § | |

**DEFENDANTS' ARCHER TACTICAL GROUP, ARCHER ENERGY CORPORATION, AND DAVID TOLLAKSEN NOTICE OF APPEAL**

To the Honorable District Court, Plaintiff's Counsel and the Court of Appeal:

PLEASE TAKE NOTICE THAT Defendants Archer Tactical Group, Archer Energy Corporation, And David Tollaksen ("Defendants"), hereby give their Notice of Appeal of the Court's Memorandum of Decision and Order Granting Summary Judgment (DKT #126) in the above-reference case, that such Defendants appeal Memorandum of Decision and Order of Motion to Set Aside Default Judgment dated February 5, 2026 (attached hereto as Exhibit "A")

1

entered in the above case to the U.S. Circuit Court of Appeals for the 5th Circuit in New Orleans, Louisiana.

Respectfully submitted,

Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

*Attorney for Defendants*
David Tollaksen, Jim Trice, Archer
Tactical Group, and Archer Energy
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by electronic filing in accordance with the Texas Rules of Civil Procedure on March 2, 2026.

/s/ Jeff Katofksy

Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

2

# EXHIBIT A

Case 4:24-cv-00035-ALM    Document 132    Filed 03/02/26    Page 4 of 15 PageID #:
1404
Case 4:24-cv-00035-ALM    Document 126    Filed 02/05/26    Page 1 of 12 PageID #:
1325

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS | § | Civil Action No. 4:24-cv-35 |
| USA, LLC; MAYOMI OLOOTU; JAMES | § | Judge Mazzant |
| UDUAK UBOM; ARCHER TACTICAL | § | |
| GROUP; ARCHER ENERGY | § | |
| CORPORATION; DAVID TOLLAKSEN; | § | |
| JIM TRICE; UBOM LAW GROUP; | § | |
| SHELL PLC; BCS NEDERLAND; MATT | § | |
| JAMESON; MIKE BONNELL; and BOYD | § | |
| CHISHOLM, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions. Having considered the motions, the relevant

pleadings, and the applicable law, the Court finds as follows:

1. Defendants Archer Tactical Group, Archer Energy Corporation, David Tollaksen, and Jim Trice; Notice of Motion and Motion to Set Aside Default Judgment pursuant to FRCP 55c and FRCP 60; Memorandum of Points and Authorities; Declaration of Jeff Katofksy, David Tollaksen, and Jim Trice in Support thereof (Dkt. #123) (the "Motion to Set Aside Default Judgment") should be **DENIED in part** and **GRANTED in part**; and

2. Plaintiff's Motion for Default Judgment against Defendant Jim Trice (Dkt. #115) should be **DENIED as moot**.

## BACKGROUND

The procedural background of this case is relevant to the resolution of the pending motions.

On January 12, 2024, Plaintiff Xlink Resource Group, LLC ("Plaintiff") initiated this lawsuit

alleging that it was the victim of a multi-year fraud scheme (the "Original Complaint") (Dkt. #1).

Case 4:24-cv-00035-ALM    Document 132    Filed 03/02/26    Page 5 of 15 PageID #:
1405
Case 4:24-cv-00035-ALM    Document 126    Filed 02/05/26    Page 2 of 12 PageID #:
1326

Defendants Archer Tactical Group ("Archer Tactical"), Archer Energy Corporation ("Archer Energy"), and David Tollaksen ("Tollaksen") were served in late January 2024 (Dkt. #10; Dkt. #11; Dkt. #12). On March 19, 2024, deliveries of the Original Complaint and Summons for Archer Tactical, Archer Energy, and Tollaksen were returned executed on March 19, 2024 (Dkt. #10; Dkt. #11; Dkt. #12). None of these Defendants answered or otherwise responded.

On March 20, 2024, Plaintiff filed its Motions for Default Judgment against Archer Energy, Archer Tactical, and Tollaksen (Dkt. #13; Dkt. #14; Dkt. #15). On March 28, 2024, Plaintiff also requested that the Clerk of Court enter default against these three defendants only (Dkt. #16; Dkt. #17; Dkt. #18). On April 5, 2024, Plaintiff amended these requests for entry of default, and then, on April 13, 2024, Plaintiff corrected its requests (Dkt. #20; Dkt. #21; Dkt. #22; Dkt. #29; Dkt. #30; Dkt. #31). On April 15, 2024, the Clerk entered default against Archer Tactical, Archer Energy, and Tollaksen (Dkt. #32).

Defendant Jim Trice ("Trice") was served on March 29, 2024, and delivery of the Original Complaint and Summons against Trice was returned executed on April 7, 2024 (Dkt. #23). On June 21, 2024, after a similar lack of participation in the lawsuit, Plaintiff requested that the Clerk of Court enter default against Trice (Dkt. #41). Default was not entered and no motion for default judgment had been filed as to Trice.

On October 16, 2024, Plaintiff filed its First Amended Complaint, adding additional defendants to this suit (Dkt. #61). However, the First Amended Complaint and the Original Complaint assert the same claims against Archer Tactical, Archer Energy, Tollaksen, and Trice (collectively, "Defendants")—namely, violations of 18 U.S.C. § 1962(c) and § 1962(d), common

law fraud, and civil conspiracy (*Compare* Dkt. #1, *with* Dkt. #61). On December 4, 2024, the summonses to Defendants were reissued (Dkt. #69; Dkt. #70; Dkt. #71; Dkt. #72).

On February 6, 2025, the Court entered its Orders granting Plaintiff's Motions for Default Judgment as to Archer Energy, Archer Tactical, and Tollaksen (Dkt. #86; Dkt. #87; Dkt. #88). On March 26, 2025, the Court held an evidentiary hearing to determine the appropriate award of damages, for which Archer Energy, Archer Tactical, and Tollaksen did not appear (Dkt. #94). At this hearing, the Court granted Plaintiffs' request to sever Archer Energy, Archer Tactical, and Tollaksen from the remaining defendants (Dkt. #94). On April 2, 2025, the Court entered a Final Judgment against Archer Energy, Archer Tactical, and Tollaksen, in which the Court held these three Defendants were jointly and severally liable for actual damages, additional treble damages, legal fees, and pre- and post-judgment interest (Dkt. #95).

On September 16, 2025, Plaintiff properly filed its Request for Clerk's Entry of Default against Trice (Dkt. #111). On September 16, 2025, the Clerk entered default against Trice (Dkt. #112). On September 25, 2025, Plaintiff filed its Motion for Default Judgment against Trice (Dkt. #115). On October 23, 2025, Defendants' counsel filed his Notice of Appearance (Dkt. #122). On October 24, 2025, Defendants filed their Motion to Set Aside Default Judgment (Dkt. #123). Plaintiff responded, and Defendants replied (Dkt. #124; Dkt. #125). The motions are now ripe for adjudication.

## LEGAL STANDARD

### I.    Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default

judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Second, the Clerk may enter default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the Clerk or the Court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court wide latitude, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

## II.    Motion to Set Aside a Default Judgment

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). In contrast, Rule 60(b) lists five reasons why relief may be granted—it also contains a sixth catch-all category for reasons not specifically listed:

> On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Case 4:24-cv-00035-ALM    Document 132    Filed 03/02/26    Page 8 of 15 PageID #:
1408
Case 4:24-cv-00035-ALM    Document 126    Filed 02/05/26    Page 5 of 12 PageID #:
1329

FED. R. CIV. P. 60(b).

The decision to grant or deny relief under Rule 60(b) is subject to the Court's discretion, and the Court's determination is entitled to deference. *See Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016) (citations omitted). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.*

## ANALYSIS

The Court will first consider Defendants' Motion to Set Aside Default Judgment, and then, the Court will consider Plaintiff's Motion for Default Judgment.

### I.    Motion to Set Aside Default Judgment

Before turning to the analysis, the Court notes what, exactly, Defendants move to set aside. First, the Court granted a default judgment against Archer Energy, Archer Tactical, and Tollaksen (Dkt. #86; Dkt. #87; Dkt. #88), and the Court entered a Final Judgment as to these Defendants after an evidentiary hearing, at which Defendants did not appear (Dkt. #95). Second, the Clerk entered default against Trice (Dkt. #112), but Plaintiff's Motion for Default Judgment against Trice remains pending (Dkt. #115). Thus, the Court must determine whether to set aside a *default judgment* against Archer Energy, Archer Tactical, and Tollaksen under Rule 60(b), and whether to set aside the *entry of default* against Trice under Rule 55(c).

Case 4:24-cv-00035-ALM    Document 132    Filed 03/02/26    Page 9 of 15 PageID #:
1409
Case 4:24-cv-00035-ALM    Document 126    Filed 02/05/26    Page 6 of 12 PageID #:
1330

With this in mind, the Court acknowledges a dispute between the parties regarding the applicable legal standard. Historically, courts within the Fifth Circuit have incorporated the Rule 55(c) good-cause standard into the Rule 60(b) analysis when considering vacatur of a final default judgment. *See e.g., In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) ("In assessing a motion to vacate a default judgment, we have interpreted Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default . . . ."); *see also Lacy*, 227 F.3d at 291–92 ("As we have previously explained, Rules 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for 'good cause .'").

Defendants first argue the Court must set aside the default judgment under Rule 60(b)(4) because the judgment entered against Defendants is void as Plaintiff never served the First Amended Complaint on Defendants (Dkt. #123 at pp. 4–6). Defendants next argue that even if the Court does not find the default judgment was void, good cause exists to set aside the default judgment under Rules 55(c) and 60(b)(6) (Dkt. #123 at p. 6). The Court addresses each argument in turn.

## A.    Rule 60(b)(4)

Under Rule 60(b)(4), the Court may relieve Archer Energy, Archer Tactical, and Tollaksen from the final judgment entered against them because "the judgment is void." FED. R. CIV. P. 60(b)(4). Defendants argue that because Plaintiff amended its complaint and "added five new defendants and materially altered the factual basis of Plaintiff's causes of action," formal service of the amended complaint was required under Rule 4 (Dkt. #123 at p. 4). Defendant continues that because Plaintiff failed to serve the First Amended Complaint on Defendants, "the Court lacked personal jurisdiction to enter judgment based on that pleading" (Dkt. #123 at p. 5). Defendants

conclude that "judgment entered without proper service is void and must be set aside under Rule 60(b)(4)" (Dkt. #123 at p. 5).

Defendants direct the Court to *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). In that case, the plaintiff did not properly serve an out-of-state defendant; thus, the Fifth Circuit held that because service of process was never achieved, the district court lacked personal jurisdiction. *Bludworth Bond Shipyard, Inc.*, 841 F.2d at 651. Consequently, the Fifth Circuit reversed the district court's denial of the defendant's motion to set aside a default judgment entered against it. *Id.*

In response, Plaintiff argues that it is undisputed that the Original Complaint was properly served on Defendants (Dkt. #124 at p. 5). Further, Plaintiff's position is that any contention that failure to serve the First Amended Complaint strips the Court of personal jurisdiction is misplaced and directs the Court to *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (5th Cir. 2014) (Dkt. #124 at p. 5). In that case, a district court entered a default judgment against a defendant and then denied that defendant's motion to vacate the default judgment. *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d at 580, 583. The defendant argued that the default judgment was void because it was not properly served with the second amended complaint, and thus, the motion to vacate the default judgment should have been granted under Rule 60(b). *Id.* at 593.

The Fifth Circuit affirmed the district court's decision and found the defendant was already in default when the district court granted the plaintiff leave to file the second amended complaint. *Id.* As a result, the Fifth Circuit stated Rule 5(a)(2) governed the service requirements of the second amended complaint. *Id.* Specifically, the Fifth Circuit explained that "Rule 5(a)(2) does not require

Case 4:24-cv-00035-ALM    Document 132    Filed 03/02/26    Page 11 of 15 PageID #:
1411
Case 4:24-cv-00035-ALM    Document 126    Filed 02/05/26    Page 8 of 12 PageID #:
1332

a party in default be served with a pleading unless that pleading [] asserts a *new claim* for relief." *Id.* The Fifth Circuit relied on the following facts to find the default judgment entered against Defendant was not void: (1) the defendant was served with the first amended complaint; and (2) the plaintiff did not assert any new claims against the defendant in the second amended complaint that were not included in the previous complaint. *Id.* at 593–94.

The Court finds the facts in *In re Chinese Manufactured Drywall Products Liability Litigation* analogous to those in the instant case. On January 12, 2024, Plaintiff initiated this lawsuit against Archer Energy, Archer Tactical, and Tollaksen (Dkt. #1). Archer Energy was served on January 22, 2024 (Dkt. #12), and Archer Tactical and Tollaksen were served on January 27, 2024 (Dkt. #10; Dkt. #11). Although the motions for default judgment against Archer Energy, Archer Tactical, and Tollaksen were timely filed on March 20, 2024 (Dkt. #13, Dkt. #14; Dkt. #15), the Court did not grant the motions until February 6, 2025 (Dkt. #86; Dkt. #87; Dkt. #88). However, Archer Energy, Archer Tactical, and Tollaksen were already in default when Plaintiff filed the First Amended Complaint, through which it asserts no new claims against Defendants (Dkt. #61).

The Court follows the Fifth Circuit's holding in in *In re Chinese Manufactured Drywall Products Liability Litigation* and applies Rule 5(a)(2)'s service requirements for amended complaints to parties already in default; specifically, it was not required that Archer Energy, Archer Tactical, and Tollaksen be served with the First Amended Complaint because Plaintiff did not assert a *new claim* for relief against them that was not included in the Original Complaint, and Defendants were already in default when the amended complaint was filed. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d at 593. Accordingly, because the Court finds that the default judgment entered against Archer Energy, Archer Tactical, and Tollaksen was not

void, it may not relieve Archer Energy, Archer Tactical, and Tollaksen from the Final Judgment entered against them under Rule 60(b)(4).

**B.    Rule 60(b)(6)**

Under Rule 60(b)(6), the Court may relieve Archer Energy, Archer Tactical, and Tollaksen from the Final Judgment entered against them for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Defendants, including Trice, rely on the good cause standard under Rule 55(c) to establish this "other reason that justifies relief" (Dkt. #123 at p. 5). Thus, the Court will continue with its analysis under Rule 55(c).

**C.    Rule 55(c)**

Under Rule 55(c), the Court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "To determine good cause, a court may consider one or all of the following factors in deciding whether to vacate a default judgment: (1) whether the default was willful; (2) whether setting it aside would prejudice the plaintiff; (3) whether a meritorious defense has been presented." *Pinnacle Agric. Distrib. Inc v. Garza-Garcia*, No. 7:19-CV-19, 2019 WL 13423710, at *1 (S.D. Tex. May 1, 2019) (citing *Lacy*, 227 F.3d at 292).

Defendants argue that good cause exists to vacate the Final Judgment entered against Archer Energy, Archer Tactical, and Tollaksen and to set aside the entry of default against Trice (Dkt. #123 at p. 5). Without further explanation, Defendants contend they "did not willfully default," "Plaintiff will not be prejudiced by litigating on the merits," and "Defendants have multiple meritorious defenses to the claims asserted" (Dkt. #123 at p. 5). First, the Court will consider whether Archer Energy, Archer Tactical, and Tollaksen have met their burden to set aside the Final Judgment entered against them in this case, and then, the Court consider whether Trice has met his burden to set aside the Clerk's entry of default against him.

The Court cannot find Archer Energy, Archer Tactical, and Tollaksen have met their burden. Again, Archer Energy was served with the Original Complaint on January 22, 2024 (Dkt. #12), and Archer Tactical and Tollaksen were served on January 27, 2024 (Dkt. #10; Dkt. #11). On October 23, 2025, more than twenty months after receiving notice of this lawsuit, Defendants appeared in this case (Dkt. #122). Archer Energy, Archer Tactical, and Tollaksen provide no justification for their seemingly willful failure to participate in the lawsuit initiated in January of 2024 (Dkt. #1). Further, Archer Energy, Archer Tactical, and Tollaksen fail to explain why Plaintiff will not be prejudiced by having the Final Judgment vacated, which Plaintiff obtained through an evidentiary hearing before the Court more than six months before Defendants filed the instant motion (Dkt. #94). Lastly, Archer Energy, Archer Tactical, and Tollaksen have failed to identify even a single meritorious defense to the claims asserted against them. For these reasons, the Court finds Archer Energy, Archer Tactical, and Tollaksen give no cause—let alone *good* cause—to grant them the relief they seek.

As for Trice, the Court finds that the Clerk's entry of default should be set aside. Trice was served on March 29, 2024 (Dkt. #23). On September 16, 2025, Plaintiff properly filed its Request for Clerk's Entry of Default against Trice (Dkt. #111). That same day, the Clerk entered default against Trice (Dkt. #112). On September 25, 2026, Plaintiff filed its Motion for Default Judgment against Trice (Dkt. #115), and less than a month later, Trice appeared in this case (Dkt. #122). Although Trice does not justify or provide any explanation for his failure to appear in the twenty or so months since Plaintiff initiated this lawsuit (Dkt. #1; Dkt. #122), the Court will use its discretion under Rule 55(b)(2) to allow the claims against Trice to continue to be litigated on the merits. *James*, 6 F.3d at 310; *see also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir.

1999) ("[The Fifth Circuit has] adopted a policy in favor of resolving cases on their merits and against the use of default judgment.").

* * *

Accordingly, because the Court finds Archer Energy, Archer Tactical, and Tollaksen have not met their burden to set aside the default judgment against them under either Rule 60(b), but finds Trice may be relieved from the Clerk's entry of default under Rule 55(c), the Court holds Defendants' Motion to Set Aside Default Judgment should be **DENIED in part** and **GRANTED in part**.

## II.    Motion for Default Judgment

On September 16, 2025, the Clerk entered default against Trice (Dkt. #112). Because the Court has found that the claims against Trice should be litigated on the merits, and the Clerk's entry of default against him should be therefore **SET ASIDE**, the Court holds Plaintiff's Motion for Default Judgment against Trice should be **DENIED as moot**. FED. R. CIV. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

CONCLUSION

It is therefore **ORDERED** that Defendants Archer Tactical Group, Archer Energy Corporation, David Tollaksen, and Jim Trice; Notice of Motion and Motion to Set Aside Default Judgment pursuant to FRCP 55c and FRCP 60; Memorandum of Points and Authorities; Declaration of Jeff Katofksy, David Tollaksen, and Jim Trice in Support thereof (Dkt. #123) is hereby **DENIED in part** and **GRANTED in part**. Specifically, only the Clerk's Entry of Default against Defendant Jim Trice (Dkt. #112) is **SET ASIDE**.

It is further **ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Jim Trice (Dkt. #115) is hereby **DENIED as moot**.

11

**IT IS SO ORDERED.**

**SIGNED this 5th day of February, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE